**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHARLES HAMILTON JR.** | § | |
| | § | |
| **V.** | § | **A-13-CA-645-LY** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); Petitioner's Reply (Document 9); and Petitioner's Supplemental Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 13). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas, in cause

number D-1-DC-09-904060.  Petitioner was charged with burglary of a habitation as a habitual offender.  On July 30, 2009, a jury found Petitioner guilty.  Thereafter, the trial court found the enhancement allegations to be true and assessed punishment at life imprisonment.

Petitioner appealed his conviction and sentence, but his appellate counsel filed a brief concluding Petitioner's appeal was frivolous and without merit pursuant to Anders v. California, 386 U.S. 738, 744 (1967).  Petitioner did not file a pro se brief.  The Third Court of Appeals affirmed the conviction on July 15, 2010, after reviewing the record and finding no reversible error.  Hamilton v. State, No. 03-09-00500-CR, 2010 WL 2789176, at *1 (Tex. App.–Austin 2010, no pet.).  Petitioner did not file a petition for discretionary review.

Petitioner also challenged his conviction in two state applications for habeas corpus relief. The Texas Court of Criminal Appeals dismissed the first application on July 13, 2011, because the direct appeal was pending.  Ex parte Hamilton, Appl. No. 75,853-02 at cover.  With regard to the second application, the trial court issued findings of fact on February 17, 2012, and supplemental findings on May 9, 2012, December 17, 2012, and April 16, 2013.  Id. at -04.  On June 12, 2013, the Texas Court of Criminal Appeals denied relief on the trial court's findings.  Id. at cover.

**B.    Petitioner's Grounds for Relief**

Petitioner's precise claims are not entirely clear.  Construing Petitioner's application liberally, as the Court must, he appears to raise the following grounds for relief:

1.    His conviction was improperly enhanced;

2.    The trial court erred in proceeding with sentencing despite issues relating to Petitioner's competency;

3.    He received ineffective assistance of trial counsel;

2

4.      Petitioner was unable to file an appellate brief because he did not receive his transcript until September 8, 2010, after his conviction had been affirmed; and

5.      He received ineffective assistance of appellate counsel.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

**DISCUSSION AND ANALYSIS**

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

In 2011, the Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act, noting that the starting point in reviewing a state conviction is 28 U.S.C. § 2254. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). That statute states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

3

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

4

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted).   Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."   Id. at 741 (quotation and citation omitted).   The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).   That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.   See 28 U.S.C. § 2254(e)(1).   But absent such  a showing, the federal court must give deference to the state court's fact findings.   Id.

**B.      Claim Regarding Enhancement**

In his first ground for relief, Petitioner argues the enhancement allegations were improperly used to enhance his sentence.   Petitioner's Reindictment provided Petitioner previously had been convicted of two felonies:

> ATTEMPTED POSSESSION OF A FIREARM BY A FELON, on the 19TH day of December, 2002, in Cause Number 430-273 "I" in the Criminal District Court for the Parish of Orleans, Section I, in the Parish of Orleans, State of Louisiana

> POSSESSION OF COCAINE, on the 19TH day of December, 2002, in Cause Number 430-273 "I" in the Criminal District Court for the Parish of Orleans, Section I, in the Parish of Orleans, State of Louisiana.

Tr. at 5.  These convictions were alleged to have become final before the commission of the burglary of a habitation with intent to commit theft for which Petitioner had been charged.  The Reindictment further provided Petitioner had been convicted of the following felony:

> ARMED ROBBERY on the 7TH day of October, 1977, in Cause Number 261-029 "D" in the Criminal District Court for the Parish of Orleans, Section D, in the Parish of Orleans, State of Louisiana.

Tr. at 5.  This conviction was alleged to have been final before the commission of the previous offenses. The Reindictment was amended to reflect Petitioner had been resentenced in the armed robbery case on June 17, 1993.

Petitioner contends the "pen packet" regarding his previous convictions was inadmissible and should not have been considered by the trial court for various reasons. Petitioner raised this issue in his state application for habeas corpus relief. The state habeas court found:

> 3.     The pen packet introduced at applicant's trial reflects that he was charged in a single information with three separate armed robberies in Orleans Parish, Louisiana, in 1977.  On September 30, 1977, a jury convicted him of two of those counts, and acquitted him of the third.  The court sentenced him to confinement for fifty years.  Applicant was then re-tried on one of those counts, and convicted by a new jury in 1979.  He was sentenced to confinement for fifty years on April 3, 1979.  This sentence was set aside in 1993, and the court imposed a new sentence of forty years on June 17, 1993.  This sentence was discharged on April 9, 1997.

> 4.     The pen packet also reflects that applicant pled guilty in Orleans Parish, Louisiana, to attempted possession of a firearm by a felon and to possession of cocaine, both committed on April 16, 2002.  A sentence of confinement for thirty months, concurrent, was imposed December 19, 2002.  These sentences expired October 15, 2004.

> 5.     The pen packet included a sworn affidavit from a person attesting that she was the custodian of records for the Louisiana Department of Pubic Safety and Corrections, and that these were true copies of the records of that Department.

6.     The packet reflects that each of those convictions was for a sentence to the Louisiana penitentiary, and thus is a third degree felony for enhancement purposes pursuant to Section 12.41(a), Penal Code.

7.     Applicant was properly shown to be a habitual offender, as the 2002 offenses were committed after the sentence for the 1977 offense expired, and applicant's 1979 retrial and 1993 resentencing cured any defects in his 1977 trial.

Ex parte Hamilton, Appl. No. 75,853-04 (Findings of Fact issued Feb. 17, 2012).

In a habeas proceeding, this Court does not sit in review of a state court's interpretation of its own law; it is instead bound by the state court's interpretation.  Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  On federal habeas review, federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).  A violation of state law that renders a trial so fundamentally unfair as to violate due process may provide a basis for federal habeas relief.  Wood v. Quarterman, 503 F.3d 408, 414 (5th Cir. 2007).

Regardless of the deference given to a state court's interpretation of its own law, Petitioner has shown no violation of state law in this case.  Petitioner was found guilty of the second degree felony of burglary of a habitation with the intent to commit theft pursuant to § 30.02 of the Texas Penal Code.  His conviction was enhanced to habitual pursuant to § 12.42(d).  Under this section, if it is shown that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, his punishment range is life imprisonment or any term of not more than 99 years or less than 25 years.  TEX. PENAL CODE § 12.42(d).  As explained by the state habeas court, Petitioner's previous felonies qualified him as a habitual offender.  Petitioner has not shown

his previous convictions were not eligible for enhancement purposes.  As such, there is no due

process violation under such circumstances, and Petitioner is entitled to no relief on this basis.

## C.      Competency

Petitioner appears to argue the trial court should have held a competency hearing as soon as

Petitioner's alleged incompetency was brought to the attention of the trial court. On the day of

sentencing, July 30, 2009, the following exchange occurred:

> TRIAL COUNSEL:  Your Honor, my client informs me that he was removed from
> the psychiatric unit to be brought to trial yesterday and that he was there for purposes
> of evaluation and he was being evaluated because he'd been hearing voices for the
> last 30 days.
>
> COURT: Okay.  And I know that you've been representing Mr. Hamilton from Day
> One.  Was there any reason that you had to suspect that he was not competent to
> stand trial?
>
> TRIAL COUNSEL:  There was not, Your Honor, other than the fact that he
> demanded a trial in this kind of case, but I don't think that's sufficient to trigger
> incompetency in my experience.
>
> COURT:  All right.  And I've had several conversations with Mr. Hamilton here at
> the Bench and never thought there was any indication that he was not competent to
> stand trial.
>
>        Mr. Hamilton, I want to visit with you just a little bit about your psychiatric
> issues.  How long were you in the psych unit?
>
> DEFENDANT:  They had just put me in it.
>
> COURT:  What does that mean "just"? A week?  Two days?  Or what?
>
> DEFENDANT:  No, they put me in – what's the date?
>
> TRIAL COUNSEL:  Thursday.
>
> DEFENDANT:  Tuesday?
>
> COURT:  Yesterday was Wednesday.  Say it again.  Tuesday?

8

DEFENDANT:  They put me in Tuesday.

COURT:  And they did that at your request?

DEFENDANT:  I didn't understand.

COURT:  Did they do that at your request?

DEFENDANT:  They did that at their request.

COURT:  But you did tell them you were hearing voices or something?

DEFENDANT:  Yeah.

COURT:  And then after that they moved you over there to the psych unit.

DEFENDANT:  Yes.

COURT:  How long after they told you you were hearing voices did they move you over there?

DEFENDANT:  Same day.

COURT:  Did they have any medication for you?

DEFENDANT:  I was supposed to see the psych doctor that evening.  I couldn't because I came to court.

COURT:  All right.  Let's do this.  Let's go ahead and proceed with sentencing and resolve the case today, and what I will do is I will call Dr. Maureen Burrows and ask her to go out to Del Valle – are you at Del Valle or downtown?

DEFENDANT:  I'm down here now.

COURT:  I'll ask her to find you.  She's a recognized psychiatrist.  She does a lot of evaluations for the Court and ask her to evaluate you to determine that in fact you were competent to stand trial.  Okay?

DEFENDANT:  Okay.

4 SF 26-28.

On August 3, 2009, the trial court held a proceeding at which defense counsel and counsel for the State were present.  The trial court noted an issue had come up at sentencing regarding competency and explained:

> COURT:  I immediately upon learning that contacted Dr. Maureen Burrows, and Dr. Burrows visited and interviewed and evaluated Mr. Hamilton on Saturday at the Travis County Jail, and I spoke to her yesterday, which was Sunday, August the 2nd, and she informed me that in her professional opinion that Mr. Hamilton was malingering and feigning incompetence, but there was in fact nothing after her evaluation to indicate that he was incompetent or had any other mental issues that would prevent him from having been tried last week.

5 SF 4.  The trial court asked defense counsel whether she always thought the defendant was competent.  Defense counsel responded, "I just thought he was stupid Judge.  I never had any doubt of his competency.  I didn't think much of his judgment."  5 SF 5.

On state habeas review, the court found:

> 2.  On August 5, 2009, the court entered an order that applicant be examined to determine whether he had been competent at the time of his trial a week earlier.  The examining psychiatrist found that applicant had been competent.  Applicant's allegations fail to allege facts showing that he was not competent, and he in fact was determined to have been competent when he was tried.  Applicant was not harmed by any failure of trial counsel to request that he be examined for competency before trial.

Ex parte Hamilton, Appl. No. 75,853-04 (Supplemental Findings of Fact issued Dec. 17, 2012).

A defendant has a procedural due process right to a competency hearing when the evidence raises a bona fide doubt as to the defendant's competence at the time of trial and any immediately related proceedings.  Pate v. Robinson, 383 U.S. 375, 385 (1966); McInerney v. Puckett, 919 F.2d 350, 351 (5th Cir. 1990).  Three factors should be considered when determining whether a "bona fide doubt" exists: the existence of any history of irrational behavior, defendant's demeanor at trial, and

prior medical opinion.  Chenault v. Stynchcombe, 546 F.2d 1191, 1193 (5th Cir. 1977) (citing Drope v. Missouri, 420 U.S. 162, 180 (1975)); Mata v. Johnson, 210 F.3d 324, 329 (5th Cir. 2000).

There is no evidence in Petitioner's case that raises a bona fide doubt as to his competency at the time of trial.  The record does not reflect defense counsel or the trial court had any concerns regarding Petitioner's competency at the time of trial.  Out of an abundance of caution, the trial court had Petitioner evaluated after sentencing.  The psychiatrist reported Petitioner was competent. Petitioner has failed to provide the Court any evidence to the contrary. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.     Ineffective Assistance of Trial Counsel**

Petitioner also argues he was denied effective assistance of trial counsel.  He claims trial counsel failed to investigate the authentication of the pen packet and the validity and availability of the convictions alleged for enhancement and failed to lodge a proper objection with regard to the enhancement paragraphs.  He also alleges counsel failed to object to any further proceeding after his competency was questioned.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant can make

> both showings, it cannot be said that the conviction or death sentence resulted from
> a breakdown in the adversary process that renders the result unreliable.

Id. at 687.  In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential.  Id. at 686-689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. (Citation omitted).  Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged.  Id. at 695-97.  Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 687.

As mentioned above, the state habeas court found Petitioner to be competent and determined counsel was not ineffective in failing to request a competency examination.  Ex parte Hamilton, Appl. No. 75,853-04 (Supplemental Findings of Fact issued Dec. 17, 2012).  Petitioner has not shown he was incompetent or that he was prejudiced by counsel's failure to request a competency examination.  In addressing Petitioner's claim regarding enhancements, the state habeas court

similarly found counsel was not ineffective in failing to object to the enhancements. Id. As explained above, Petitioner's conviction was properly enhanced.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**E.      Pro Se Appellate Brief**

Petitioner asserts he had a right to file a pro se brief after appellate counsel filed the Anders brief. He complains he did not receive his transcript until after the appellate court had issued their opinion and was therefore unable to prepare his brief.

On state habeas review, the state court found Petitioner did not timely send a request to the trial court and ask for a copy of his appellate record to use for filing a pro se brief. Ex parte Hamilton, Appl. No. 75,853-04 (Supplemental Findings of Fact issued May 9, 2012). In addition, the trial court noted Petitioner did not file a motion for rehearing in the Third Court of Appeals or file a petition for discretionary review to notify the courts he did not have his transcript. Id. Later, the state habeas court found:

> 1.      Appellate counsel on applicant's appeal filed an Anders brief on April 6, 2010, and mailed notice to applicant on April 12, 2010, that he had done so. Counsel included in that notice a copy of his Anders brief, and a letter advising him to notify the Court of Appeals if he intended to file a pro se brief, and to request a copy of his appellate record from the trial court if he wished to do so. Counsel included in this notice the mailing addresses for both the trial and appellate courts.
>
> 2.      Counsel had previously mailed a letter to applicant on March 2, 2010, advising him that counsel intended to file an Anders brief. Applicant sent to the

13

Court of Appeals a request for his records to file a pro se brief, received April 9, 2010, but did not send any such request to the district clerk or district court. The Court of Appeals delivered its opinion affirming this conviction on July 15, 2010.

Ex parte Hamilton, Appl. No. 75,853-04 (Supplemental Findings of Fact issued April 16, 2013). Petitioner has not rebutted the state court findings by any evidence let alone clear and convincing evidence. Accordingly, Petitioner is not entitled to federal habeas relief.

**F.      Ineffective Assistance of Appellate Counsel**

In his final ground for relief, Petitioner argues he was denied effective assistance of appellate counsel. Specifically, Petitioner alleges counsel filed an Anders brief and incorrectly argued there were no arguable issues for appeal. Petitioner contends appellate counsel failed to investigate the issues in his case and should have raised a claim regarding the use of the out-of-state pen packet.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. Const. amend. VI, XIV; Evitts v. Lucey, 469 U.S. 387, 393-95, (1985); Strickland, 466 U.S. at 688; Anders v. California, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standard set forth in Strickland, 466 U.S. at 668. See also Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001) (applying the Strickland standard to ineffective assistance claims against appellate counsel). As explained earlier, to establish ineffective assistance of counsel Petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. Strickland, 466 U.S. at 688. To show prejudice, a petitioner must show that, but for appellate counsel's performance, there is a reasonable probability he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285, (2000).

14

The only issue specifically identified by Petitioner was the issue regarding use of the Louisiana pen packet.  However, as explained above, the state court found the pen packet was admissible and Petitioner's conviction was properly enhanced. Accordingly, Petitioner has not identified any issue which, if raised on appeal, would have resulted in the reasonable probability of Petitioner prevailing on appeal.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of March, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE